E-FILED
Tuesday, 24 February, 2026  11:55:31 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| YOUSSOU DIOP, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DOT FOODS, INC., and DOT TRANSPORTATION, INC.,<br><br>　　　　　Defendants. | Case No.: 3:26-CV-3019<br><br>Judge Colleen R. Lawless<br><br>Magistrate Judge Douglas J. Quivey |
| KENNY HUNT, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DOT FOODS, INC., and DOT TRANSPORTATION, INC.,<br><br>　　　　　Defendants. | Case No.: 3:26-CV-03021<br><br>Judge Colleen R. Lawless<br><br>Magistrate Judge Douglas J. Quivey |
| ROBERT DUDENBOSTAL, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DOT FOODS, INC., and DOT TRANSPORTATION, INC.,<br><br>　　　　　Defendants. | Case No.: 3:26-CV-03023<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Douglas J. Quivey |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CO-LEAD COUNSEL AND MEMORANDUM IN SUPPORT**

Defendants Dot Foods, Inc. and Dot Transportation, Inc. ("Defendants") respectfully submit this response to Youssou Diop's, Kenny Hunt's, and Robert Dudenbostal's ("Plaintiffs")

Motion to Consolidate and Appoint Interim Co-Lead Counsel and Memorandum in Support (the "Motion to Consolidate"), filed in each of the related, above-captioned cases (the "Related Actions"), and state as follows:

1. Plaintiffs filed the Related Actions as three separate putative class actions against Defendants—two on January 16, 2026, and one on January 21, 2026.

2. Plaintiffs filed their Motion to Consolidate on January 26, 2026, seeking to consolidate the Related Actions, provide for the filing of a consolidated complaint, and stay all proceedings in the Related Actions, including the responsive pleading deadlines for each.

3. Defendants do not oppose Plaintiffs' requests to consolidate the Related Actions and provide for the filing of a consolidated complaint.

4. Defendants join Plaintiffs' request that the Court stay all proceedings in the Related Actions, including all responsive pleading deadlines, pending the Court's resolution of the Motion to Consolidate.

    a. The Court has inherent power to stay proceedings in the interests of judicial economy. *Hill v. Med. Informatics Eng'g, Inc.*, No. 1:15-CV-00204-RLM, 2015 WL 5667191, at *1 (N.D. Ind. Sept. 25, 2015) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). Courts within the Seventh Circuit recognize that such authority is properly exercised to stay proceedings while a motion to consolidate is pending. *Id.*; *Authenticom, Inc. v. CDK Glob.*, LLC, No. 17-CV-318-JDP, 2018 WL 816543, at *1 (W.D. Wis. Jan. 12, 2018).

    b. Defendants believe that it would be in the interest of judicial economy to stay responsive pleading deadlines in this litigation. The Motion to Consolidate is unopposed and the related cases present overlapping issues, making consolidation

    likely. Without a stay, the parties will file pleadings and motions in multiple actions, duplicating their efforts and incurring unnecessary expense. Similarly, the Court would be required to review and rule on multiple sets of filings that may soon be consolidated into a single proceeding, resulting in wasted judicial resources. Granting a stay will avoid duplicative work and aid in the efficient resolution of the Related Actions.

5. If the Court grants Plaintiffs' Motion to Consolidate and permits the filing of a consolidated complaint, Defendants will respond to any such consolidated complaint within the time required by statute or set by the Court. Alternatively, if the Motion to Consolidate is denied, Defendants will respond to each complaint previously filed in the Related Actions within the time set by the Court.

    Therefore, in response, Defendants do not oppose consolidation of the Related Actions and join Plaintiffs' request for a stay of all proceedings, including responsive pleading deadlines, pending resolution of the Motion to Consolidate. Defendants will respond to any consolidated complaint within the time required by statute or otherwise ordered by the Court, or, if consolidation is denied, respond to each complaint previously filed in the Related Actions within the time set by the Court.

Dated: February 24, 2026

Respectfully submitted,

Daniel G. Solomon
Attorneys for Dot Foods, Inc. and Dot Transportation, Inc.
HUSCH BLACKWELL LLP
1801 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
Telephone: 202.378.2391
Fax: 202.378.2319
Email: daniel.solomon@huschblackwell.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of February 2026, the foregoing was filed with the Court using the Court's Electronic Filing System (ECF), which sent notification to all parties of record.

Daniel G. Solomon